UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| HERBERT W. MORRISON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18 CV 32 DDN |
| | ) | |
| JASON LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on the motion of Missouri state prisoner Herbert W. Morrison, Jr., to stay this habeas corpus action so he may exhaust his federal Ground 6 in the Missouri state courts under Missouri Supreme Court Rule 91 and thereby satisfy the requirement that he exhaust his state court remedies. Respondent opposes the motion. For the reasons set forth below, the Court denies the motion.

**BACKGROUND**

On June 29, 2015, petitioner Morrison pled guilty in the Circuit Court of St. Louis County to 19 offenses. (Doc. 10, Ex. 5 at 16-18.) On August 10, 2015, the circuit court sentenced petitioner to a total of thirty (30) years confinement with all counts to run concurrently. (*Id.* at 19-31.) Petitioner subsequently sought post-conviction relief in the circuit court under Missouri Supreme Court Rule 24.035, which was denied. The denial of post-conviction relief was affirmed on appeal.

On February 12, 2018, petitioner filed the pending petition for a writ of habeas corpus in this Court under 28 U.S.C. § 2254.

**DISCUSSION**

Petitioner alleges six grounds for federal habeas relief, including Ground 6--the denial of effective assistance by post-conviction relief counsel for failing to assert the failure of the trial court to grant his motion to waive counsel. (Doc. 1, Exs. 2 and 3.) In his return, respondent argues

that all of petitioner's grounds are procedurally defaulted and without merit. Specifically, respondent argues that petitioner failed to raise Ground 6 in the post-conviction proceedings. (Doc. 10 at 10.)

In his motion to stay this action and to hold it in abeyance, petitioner argues that he is entitled to raise Ground 6, because it is based on the asserted ineffective assistance of his post-conviction relief counsel and outside the scope of *Martinez v. Ryan*, 566 U.S. 1 (2012) (remanding a habeas corpus claim for consideration of ineffective assistance of counsel in an initial-review collateral proceeding).

An order staying and holding in abeyance a federal habeas proceeding is available only in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* Petitioner argues he should be excused for his failure to exhaust Ground 6 due to his limited understanding of the law at the time of the plea and the post-conviction proceedings and due to the constitutionally ineffective assistance of post-conviction relief counsel.

Respondent argues in part that this Court should deny petitioner's request for a stay because it would be futile for petitioner to raise his ineffective assistance of post-conviction relief counsel claim under Missouri Supreme Court Rule 91, which provides for habeas corpus relief. The Court agrees.

The Missouri Supreme Court having held that "claims of ineffective assistance of post-conviction counsel are categorically unreviewable [,]" petitioner cannot litigate his Ground 6 claim in the Missouri state courts. *Gehrke v. State of Missouri*, 280 S.W.3d 54, 58 (Mo. 2009) (quoting *Hutchison v. State of Missouri*, 150 S.W.3d 292, 303 (Mo. 2004)). Accordingly, the return to state court that petitioner seeks would be futile.

A court should not grant a stay and abeyance if return to state court is futile. "[I]f no state court remedy is available for the unexhausted claims—that is, if resort to the state courts would be futile—then the exhaustion requirement in [28 U.S.C.] §2254(b) is satisfied[.]" *Armstrong v. Iowa,* 418 F.3d 924, 926 (8th Cir. 2005). This action can proceed, because plaintiff has satisfied the exhaustion requirement.

2

## CONCLUSION

Therefore,

**IT IS HEREBY ORDERED** that the motion of petitioner Herbert W. Morrison, Jr., to stay these proceedings (Doc. 23) is **denied**.

                                                             **/s/   David D. Noce**
                                           **UNITED STATES MAGISTRATE JUDGE**

Signed on December 21, 2020.