# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| HERBERT W. MORRISON, Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:18 CV 32 DDN |
| ) | |
| JASON LEWIS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This action is before the court upon the petition of Missouri state prisoner Herbert W. Morrison, Jr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon his recent motions for leave to amend his petition and for a stay of these proceedings so he can return to the Missouri state courts to exhaust a requested new Ground 3 which he would allege in the amended petition.

The parties consented to the exercise of plenary authority by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the pending motions and the petition are denied.

## Background

On January 22, 2014, petitioner Herbert Morrison, Jr., was indicted by the grand jury in the Circuit Court of St. Louis County, Missouri, for the offenses described below. After his arraignment on January 29, 2014, and various pretrial proceedings, petitioner's defense counsel filed a motion to suppress physical evidence. On April 16, 2015, petitioner waived his right to a jury trial. Defense counsel filed a motion to exclude evidence. The motion to suppress evidence was heard and denied by the Circuit Court. On April 21, 2015, a bench trial was set for June 29, 2015. A renewed motion to suppress was filed on June 24, 2015. (Doc. 10-5.)

On June 29, 2015, petitioner withdrew his pending pretrial motions and entered a blind plea of guilty to the following crimes: three counts of possession of child pornography, three counts of child molestation, four counts of statutory sodomy of a minor, five counts of statutory rape, two counts of promoting child pornography, and two counts of sexual exploitation of a minor. (Doc. 10-7.)  On August 10, 2015, the trial court sentenced petitioner to a total of thirty years imprisonment with all counts to run concurrently. (Doc. 10-8.)

On October 14, 2015, petitioner filed a motion in the Circuit Court for post-conviction relief under Missouri Supreme Court Rule 29.035. (Doc. 10-6.)   Petitioner appealed the denial of relief without a hearing, which was affirmed. *Morrison v. State of Missouri*, 536 S.W.3d 782 (Mo. Ct. App. 2017).

The Missouri Court of Appeals described petitioner's state court litigation thus:

The State charged Morrison with nineteen separate counts including: three counts of possession of child pornography; two counts of first-degree child molestation; three counts of first-degree statutory sodomy; two counts of first-degree promoting child pornography; two counts of first-degree statutory rape; three counts of second-degree statutory rape; two counts of sexual exploitation of a minor; one count of second-degree statutory sodomy; and one count of second-degree child molestation. The charges against Morrison arose mostly from allegations by M.M., Morrison's adopted daughter[.] M.M.'s anticipated testimony would purportedly detail incidents where Morrison sexually abused M.M. and forced M.M. to perform sexual acts while M.M. was between the ages of five and eighteen. The State also intended to introduce photographs and sexually explicit images to support M.M.'s statements, including forty-four CDs, most of which contained child pornography. On the morning of Morrison's scheduled trial, Morrison entered a blind guilty plea on all nineteen charges.

At the plea hearing, the trial court questioned Morrison extensively regarding his knowledge of the plea and his counsel. Morrison testified that he had plenty of time to speak with plea counsel, was satisfied with plea counsel's services, and was not threatened or promised anything to plead guilty. The trial court also explained the charges against Morrison, the range of punishments, and Morrison's rights. Morrison subsequently pled guilty to all charges. The State described the factual basis for the offenses and Morrison

agreed that the stated facts were substantially correct. The trial court accepted the plea and found that Morrison entered into the guilty plea freely, intelligently, and voluntarily.

At the subsequent sentencing hearing, the trial court asked Morrison more questions about his plea. The following exchange occurred:

Q: Did you have enough time to talk to [plea counsel] before you entered your pleas at that time?
A: I did.
Q: Did he do everything you asked him to do?
A: Yes.
Q: Did he do anything you told him not to do?
A: No.
Q: This was a blind plea; in other words, when you entered your plea of guilty, you subjected yourself to the full range of punishment, is that correct?
A: That's correct.
Q: So there were no promises made as to the plea, is that correct?
A: That's correct.
Q: Are you satisfied with [plea counsel's] services in these cases?
A: Yes.

Consequently, the trial court sentenced Morrison to concurrent terms totaling thirty years in prison. Morrison then filed an amended post-conviction relief motion, arguing that his plea was involuntary, due to the ineffective assistance of plea counsel. Morrison alleged that plea counsel failed to meet with him, despite his requests; appeared agitated when Morrison refused to accept an earlier plea offer; appeared unprepared for trial; and told Morrison he had no other option but to plead guilty based on the complaining witnesses' proposed testimony. Thus, Morrison felt that, due to plea counsel's statements and inactions, he was forced to plead guilty. The motion court denied Morrison's amended motion without an evidentiary hearing because Morrison's ineffective-assistance-of-counsel claim was refuted by the record.

(*Id.* at 783-84.)

On February 12, 2018, petitioner filed his petition in this Court for relief under 28 U.S.C. § 2254.

**Petitioner's grounds for federal habeas corpus relief**

In his petition in this Court, Morrison alleges the following six grounds for relief:

Ground 1:   Petitioner's plea counsel rendered constitutionally ineffective assistance by:  (a) pressuring petitioner to waive his right to trial; (b) presenting him with a plea offer that was never offered; (c) failing to investigate facts, interview witnesses, and prepare for a motion to suppress; (d) misadvising petitioner that the motion to suppress could be appealed through post-conviction proceedings; (e) refusing to respond to his trial strategy correspondence; and (f) entering court the morning of trial, depositing his file, and exiting the court.

Ground 2:   Petitioner's plea counsel rendered constitutionally ineffective assistance by failing to advise petitioner that a consequence of his conviction would be a lifetime supervision requirement.

Ground 3:   Petitioner's plea counsel rendered constitutionally ineffective assistance by failing to advise him that he would have to serve 85 percent of his sentence before being eligible for parole.

Ground 4:   Petitioner's appellate counsel rendered constitutionally ineffective assistance by failing to present material facts to the post-conviction court showing that plea counsel did not inform him of the lifetime supervision requirement and of the eighty-five percent requirement.

Ground 5:   Petitioner's post-conviction counsel rendered constitutionally ineffective assistance by not bringing to the post-conviction motion court's attention plea counsel's: (a) failing to inform petitioner that motions were pending when he pled guilty; (b) filing motions with reckless disregard to the information presented by petitioner; (c) filing a weak motion to suppress evidence; (d) refusing to provide petitioner with a copy of the victim's deposition; (e) failing to inform him that the state charged an additional offense after the victim's deposition; (f) failing to give petitioner supplemental police reports; (g) failing to object to the state's knowing use of perjured testimony during a suppression hearing; (h) failing to object to the truthfulness of a police report; (i) failing to give petitioner the state's response to the motion to suppress; (j) failing to call a subpoenaed witness; (k) refusing to appeal the order denying petitioner's motion to suppress evidence; and (l) stating that any objections during the guilty plea would result in a harsher sentence.

Ground 6:   Petitioner's post-conviction relief counsel rendered constitutionally ineffective assistance by (a) failing to raise the claim that the trial court denied petitioner his right to waive counsel; (b) failing to raise the claim that plea counsel failed to inform him about the lifetime supervision requirement upon conviction; (c) failing to raise the claim that plea counsel failed to inform petitioner that he would be required to serve 85

percent of his sentence; and (d) failing to raise the claim that plea counsel had a basis for seeking dismissal of one or more of the charges against petitioner. (Doc. 1.)

Respondent argues that all these grounds for relief are procedurally defaulted, and thus barred from consideration by this Court. (Doc. 10 at 3.)  Respondent further argues that all of the grounds are meritless. (*Id.*)

## Motions to amend petition and to stay proceedings

Petitioner moves to amend his federal petition in two respects.  First, he would delete Ground 6 and amend Ground 3 to allege the following:

> Ground 3:   The Circuit Court failed to hear petitioner's *pro se* motion to waive counsel, thereby forcing him to rely on ineffective counsel.

(Doc. 27 at 1-2; Doc. 27-1 at 7.)   Second, he would delete original Grounds 2, 3, and 4. (Doc. 27 at 2.)  No substantial reason is given for the amendment, aside for his assertion that he did not allege the putative Ground 3 in the Missouri state courts.  This failure is the reason he also wants this action stayed, to avoid a resulting procedural bar.  (Doc. 28 at 1.)

Very recently this Court denied an earlier motion by petitioner to stay these proceedings so he could present current Ground 6 to the Missouri courts.  (Doc. 26.)   The United States Supreme Court was quoted by this Court then:

> "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."

(Doc. 26 at 2) (quoting *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).  This Court determined then that petitioner's return to the Missouri courts would be futile, because his original Ground 6 claim of ineffective assistance of post-conviction counsel would have been unreviewable in the state courts.  (*Id.*)  Now petitioner presents no reason to believe the Missouri courts would consider his new Ground 3.

For these reasons, the motions for leave to amend the petition and to stay these proceedings are without merit.

### Standards of merits review

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that federal habeas relief may not be granted unless the state court adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2).

"A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." *Tokar v. Bowersox*, 198 F.3d 1039, 1045 (8th Cir. 1999) (internal citation omitted). The issue a federal habeas court faces when deciding whether a state court unreasonably applied federal law is whether the state court's application of clearly established federal law was objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 409 (2000). A state court's decision involves an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Thaler v. Haynes*, 559 U.S. 43, 47 (2010).

A state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 182-83 (2011). Clear and convincing evidence that factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

For federal habeas grounds not ruled by the state courts, the pre-AEDPA standard for habeas review governs. *Gingras v. Weber*, 543 F.3d 1001, 1003 (8th Cir. 2008) ("Because [petitioner's] apparently unexhausted claim was not adjudicated on the merits, we likely should apply the pre-ADEPA standard of review, rather than the deferential standard of 28 U.S.C. § 2254(d)") (internal citations and quotation marks omitted). The

pre-AEDPA standard requires the petitioner to show a "reasonable probability that the error complained of affected the outcome of the [proceedings] . . . ." *Robinson v. Crist*, 278 F.3d 862, 865-66 (8th Cir. 2002).

Petitioner alleges specifications of constitutionally ineffective assistance of counsel. Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to prove constitutionally ineffective assistance of counsel, a criminal defendant must show that (1) counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney; and (2) as a result, petitioner was prejudiced. Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* In the context of a guilty plea, to show prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* at 56.

While objectively bad advice of counsel opens the door to a claim of ineffective assistance of counsel, an "important way a [trial] court can help ensure that a plea agreement and corresponding waiver are entered into knowingly and voluntarily is to properly question a defendant about his or her decision to enter that agreement…" *United States v. Andis*, 333 F.3d 886, 890–91 (8th Cir. 2003). A defendant's "[s]olemn declarations in open court carry a strong presumption of verity." *United States v. Fitzhugh*, 78 F.3d 1326, 1329 (8th Cir. 1996) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *see also Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988) ("[O]nce a person has entered a guilty plea any 'subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'")

The factual record in the Missouri state courts is a sufficient basis for ruling the merits of petitioner's federal habeas grounds. Petitioner is not entitled to an evidentiary hearing in this Court.

## Discussion

In order to present legally sufficient grounds for federal habeas relief in this Court, petitioner must have presented both the factual and the legal premises of his federal grounds to the Missouri state courts, trial and appellate, and have afforded them a "fair opportunity" to review their merits. *Moore-El v. Luebbers*, 446 F.3d 890, 897 (8th Cir. 2006).

Petitioner's only claim on appeal from the denial of his motion for post-conviction relief was that the Circuit Court denied the motion "without an evidentiary hearing, because plea counsel's lack of preparation and his last-minute discussion of a blind guilty plea induced [petitioner] into an involuntary guilty plea." (Doc. 1-3 at 3.) Petitioner never raised any of his present ineffective assistance of counsel claims in his post-conviction proceedings and he did not directly appeal his conviction and sentences. (*Id.*). Under Missouri law, generally if a state prisoner fails to raise claims either on direct appeal or in a post-conviction relief motion, those claims are procedurally defaulted. *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 516 (Mo. 2010).

Even if petitioner's federal grounds were not procedurally defaulted, they fail on their merits. If this court concludes that the procedurally barred grounds are without merit, Congress has authorized it to consider them and to dismiss them. 28 U.S.C. § 2254(b)(2). The undersigned has considered all of petitioner's federal grounds and concludes that they are without merit.

### Ground 1

Ground 1 alleges that plea counsel rendered constitutionally ineffective assistance by: (a) pressuring petitioner to waive his right to trial; (b) presenting him with a plea offer that was never offered; (c) failing to investigate facts, interview witnesses, and prepare for a motion to suppress; (d) misadvising petitioner that the motion to suppress could be appealed through post-conviction proceedings; (e) refusing to respond to his trial strategy correspondence; and (f) entering court the morning of trial, depositing his file, and exiting the court.

Regarding petitioner's plea counsel, the Missouri Court of Appeals stated:

Morrison argues that plea counsel's lack of preparation for trial and plea counsel's last-minute discussion of a guilty plea induced Morrison into a feeling of helplessness and loss of confidence in plea counsel, which forced Morrison to enter into a guilty plea.

* * *

Morrison must prove both that plea counsel was deficient and that he was prejudiced as a result for relief on his ineffective-assistance-of-counsel claim, Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Johnson v. State, 406 S.W.3d 892, 898–99 (Mo. banc 2013). Morrison must point to "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance" to overcome the strong presumption that plea counsel was reasonable and effective. Zink v. State, 278 S.W.3d 170, 176 (Mo. banc 2009). Further, "counsel's ineffectiveness is only relevant to the extent it affects the voluntariness of movant's plea." Murphy v. State, 510 S.W.3d 876, 879–80 (Mo. App. E.D. 2017). Additionally, "[t]o show prejudice ... [Morrison] must show that but for [plea] counsel's alleged unreasonable conduct, there is a reasonable probability he would not have pled guilty but would have insisted on going to trial." Id. at 880.

Here, Morrison alleges that plea counsel pressured Morrison to plead guilty instead of going to trial and told Morrison he would lose at trial based on the complaining witnesses' proposed testimony. However, "[t]he fact that plea counsel gave [Morrison] an honest opinion of the strength of his case simply does not constitute coercion. It is precisely 'the duty of counsel to advise his client of the strength of the State's case.' " Whitehead, 481 S.W.3d at 126 (quoting Pittman v. State, 331 S.W.3d 361, 365 (Mo. App. W.D. 2011)). The State allegedly had evidence of the charges against Morrison from M.M.'s statements and images. Morrison's plea counsel merely explained the strength of the complaining witnesses' proposed testimony on the State's case against Morrison. See Pittman, 331 S.W.3d at 365 ("The fact that such advice was that the State's case was strong, or that [the defendant's] conviction was likely, does not vitiate the plea of guilty."). Thus, the motion court did not clearly err by finding plea counsel was not ineffective for advising Morrison to plead guilty instead of going to trial, even if the advice was given the morning Morrison's trial was scheduled.

Morrison also contends that the trial court's questions regarding the effectiveness of plea counsel were too broad to conclusively refute Morrison's allegations. Further, Morrison argues that whether Morrison had

the "opportunity" to voice complaints about his plea counsel should not contradict or conclusively refute his claim, We disagree. In State v. Driver, 912 S.W.2d 52, 55-56 (Mo. banc 1995), the Supreme Court of Missouri held that the questions asked of movant during his plea hearing were too broad to conclusively refute ineffective-assistance-of-counsel claims. However, where the movant enters a guilty plea, the court may give "numerous opportunities to express dissatisfaction with the performance of counsel" without meeting the Driver requirements regarding the specificity of questions. May v. State, 921 S.W.2d 85, 88 (Mo. App. W.D. 1996). Because Morrison plead guilty, Driver is not persuasive. See generally [Kenneth] Morrison v. State, 65 S.W.3d 561 (Mo. App. W.D. 2002) (affirming the denial of movant's Rule 24.035 motion without an evidentiary hearing because movant had ample opportunities to raise any questions about his counsel's performance yet repeatedly expressed satisfaction with counsel when directly questioned at the plea hearing).

> [A] motion court properly denies an evidentiary hearing on a motion for post-conviction relief where the movant repeatedly assured the plea court that he was satisfied with counsel's representation and that counsel did everything he requested and the movant was given "ample opportunity to express his duress" to the court. Ballard v. State, 500 S.W.3d 294, 302 (Mo. App. E.D. 2016) (quoting Conger v. State, 356 S.W.3d 217, 222 (Mo. App. E.D. 2011)(internal citations omitted)).

Here, the trial court questioned Morrison about the effectiveness of his counsel both during the plea hearing and the sentencing hearing. When the trial court asked Morrison whether he was satisfied with his counsel's services, Morrison answered affirmatively. In addition, Morrison testified that no one threatened or promised him anything to plead guilty. See Nesbitt v. State, 335 S.W.3d 67, 70 (Mo. App. E.D. 2011) ("A trial judge is not required to read off a lengthy list of synonyms in order to assure the defendant understands to advise the court of any attempt by anyone that causes the defendant to enter a guilty plea against his or her will."). Further, at the sentencing hearing, the trial court asked if Morrison had enough time to talk to his attorney, if his attorney did everything Morrison asked and nothing Morrison told him not to do, if there were any promises made as to the plea, and whether Morrison was satisfied with his attorney's services. Again, Morrison confirmed that he was satisfied with his counsel's services and had no complaints.

Since "[a] defendant who repeatedly assures the court that he is satisfied with his counsel's performance and that his counsel had done everything that he

>   requested, is later barred from obtaining post-conviction relief based on ineffective assistance of counsel," Morrison is barred from obtaining post-conviction relief in this appeal. Estes v. State, 950 S.W.2d 539, 542 (Mo. App. E.D. 1997)(quoting Hamilton v. State, 865 S.W.2d 374, 375 (Mo. App. E.D. 1993)). Because the record refutes Morrison's argument that plea counsel was ineffective for failing to prepare for trial and pressuring Morrison into pleading guilty, the motion court did not clearly err in denying Morrison's Rule 24.035 motion without an evidentiary hearing. Point denied.

*Morrison*, 536 S.W.3d at 785-87.

As stated, after the prosecutor specifically detailed the state's evidence at the plea hearing (Doc. 10-7 at 12-22), petitioner stated under oath "Yes, sir" to the question whether the facts the prosecutor had just stated were substantially true and correct. (*Id*. at 22.)

Petitioner's remaining allegations of error are also refuted by the record. Petitioner argues he was pressured to waive his right to trial. The contrary is established by the record. At the plea hearing after being sworn by that court and read all counts against him, petitioner stated that he understood all charges against him. (*Id*. at 9.) The court asked, "Have you been advised by your lawyer as to all aspects of the case, including all of your legal rights" to which the defendant replied "Yes, sir." (*Id*.) The court then asked if he "[understood he'd] have a right for a jury trial to determine [his] guilt or innocence of these charges at a speedy and public trial" and "if you went to trial on these matters, you'd be entitled to face those who testified against you; you'd be able to hear their testimony; and your attorney could then cross-examine, or question, them while they're under oath." (*Id*. at 9-10.) The court went on to describe the presumption of innocence at trial, the standard of proof, number of jurors and their unanimity, the right to testify at trial, and the attorney's ability to subpoena witnesses and offer evidence on petitioner's behalf. (*Id*. at 10-11.) Petitioner answered "Yes" to all the court's questions. The court then asked, "you understand by pleading guilty, you're not going to have a trial of any kind?" Petitioner replied, "Yes." (*Id*. at 11.) The court next asked, "Are you pleading guilty to each and all of these charges because you are guilty?" and "I'm going to show you a blind plea of guilty form, I'm going to ask you – have your attorney show you that to you and ask you did you sign that form" to which petitioner replied "Yes" and "Yes, I did" respectively. (*Id*. at 30.)

During his guilty plea, petitioner admitted that he had spoken with his attorney about all the facts of his case and was adequately advised. (*Id*. at 11.) Defendant expressly stated that he was satisfied with plea counsel's services (*id.* at 9), and he also stated that he was not threatened or promised anything to plead guilty. (*Id.* at 22.)

The record is clear that petitioner had a fair plea hearing and was advised of all his rights by the state trial court. Petitioner at no time during the hearing indicated he was coerced into pleading guilty by counsel's actions or inactions. Petitioner's bare assertions to the contrary now are meritless.

To the extent petitioner makes minor claims regarding his attorney's refusing to respond to petitioner's correspondence and entering court the morning of trial, depositing his file, and exiting the court (Doc. 1-1), the arguments fail under both the first and second prongs of *Strickland*.

### Ground 2

Ground 2 alleges plea counsel was ineffective for failing to advise petitioner of the lifetime supervision requirement for his crimes. (Doc. 1-1 at 2–3). This argument is plainly meritless. After the court had the prosecutor detail the punishment range for each count and the prosecutor stated that "we'd be looking for at least a couple hundred years," plaintiff stated, during his guilty plea hearing that he understood the range of punishment and that he would be subject to lifetime supervision. (Doc. 10-7 at 24–25).

### Ground 3

Ground 3 alleges plea counsel was ineffective for failing to advise him that he would have to serve eighty-five percent of his sentence before being eligible for parole. (Doc. 1-1 at 3.) Even if petitioner was not aware of all of the collateral consequences of his guilty plea, that would not render his plea unknowing and involuntary. *See George v. Black*, 732 F.2d 108, 110 (8th Cir. 1984) ("It is not necessary to inform the defendant of all the indirect or collateral consequences."); *see Padilla v. Kentucky*, 559 U.S. 356, 365 (2010) (deciding *only* that failing to advise of the risk of deportation was constitutionally ineffective assistance).

However, even if petitioner was unaware of the 85% sentence requirement, he was advised of it during the plea hearing. The prosecutor expressly stated that defendant is required to serve 85% of that sentence before he is eligible for parole. (Doc. 10-7 at 23.) The judge went on to explain, "I indicated to your attorney that I would be inclined to put a 30-year sentence on the 85% cases that provided for life imprisonment. Do you understand that?" Petitioner replied, "Yes, sir." (*Id.* at 25.) Because petitioner stated during his guilty plea that he understood the range of punishment, including the requirement that he serve 85% of his sentence, Ground 3 is without merit.

### Ground 4

Petitioner's fourth ground for relief is that his appellate counsel rendered constitutionally ineffective assistance of counsel for failing to argue that plea counsel did not inform him of the lifetime supervision requirement and of the eighty-five percent requirement. This ground is without merit.

Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000); *see also Jones v. Barnes*, 463 U.S. 745, 751–52 (1983) (experienced advocates have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues).

Petitioner has not shown that counsel was ineffective. The post-conviction motion court found the alleged claims of ineffective assistance of plea counsel were plainly meritless. As discussed at length above, during petitioner's guilty plea hearing he stated that he understood and subjected himself to the full range of punishment. Furthermore, the court proceedings expressly notified him of the eighty-five percent requirement and the lifetime supervision requirement. The Court finds post-conviction appellate counsel did not render constitutionally ineffective assistance by not raising these meritless claims.

Ground 5

Ground 5 alleges 12 specifications of post-conviction counsel rendering constitutionally ineffective assistance.  Petitioner further argues that, had he known of the pending motions he would not have pled guilty but would have moved forward to trial.

Respondent argues that none of the allegations of error appear to address the "knowing and voluntary" nature of petitioner's guilty plea.  Respondent further argues that petitioner merely alleges various ways in which he believes plea counsel performed deficiently in his case before he pled guilty.

Ineffective assistance of post-conviction counsel is not an independent claim for relief. *See* 28 U.S.C. § 2254(i).  However, the Supreme Court in *Martinez v. Ryan*, 566 U.S. 1 (2012), provided a limited exception where a state prisoner's first opportunity to raise a claim of ineffective assistance of trial court counsel is during a collateral post-conviction relief proceeding.  *Martinez*, 566 U.S. at 14.  In such a case, a federal habeas petitioner may address a procedurally defaulted claim of ineffective assistance of trial court counsel by demonstrating that post-conviction motion counsel was ineffective under *Strickland*. *Id.*  In this regard, petitioner must "demonstrate that the underlying ineffective assistance of trial counsel claim is a substantial one, which is to say the prisoner must demonstrate that the claim has some merit." *Id.*

None of petitioner Morrison's Ground 5 claims relate to the knowing and voluntary nature of his guilty plea.  They are all plainly meritless, they are refuted by the plea hearing record, and post-conviction motion counsel were not ineffective for failing to raise them. Moreover, petitioner's allegations are conclusory and find no support in the record. Regarding the factual basis for his guilty plea, petitioner admitted under oath that the prosecutor's statements of the facts supporting the charges were substantially true and correct. (Doc. 10-7 at 22.)  Petitioner further stated in the plea hearing that his attorney did everything requested of him, that he was advised by his lawyer as to all aspects of the case, and that he was satisfied with his attorney's services.  (*Id.* at 9.)

Petitioner's guilty plea was "entered into knowingly and voluntarily… to each term of [the] agreement." *Andis*, 333 F.3d. at 890.  At petitioner's plea hearing, the Missouri

Circuit Court found "defendant's pleas of guilty are freely, intelligently and voluntarily made with a full understanding of the charges and the consequences of his pleas and an understanding of his rights attendant to a jury trial and the effect of pleas of guilty on those rights. The Court also finds there's a factual basis for the pleas. . . [.]"  (Doc. 10-7 at 31.)

Ground 5 is without merit.

### Ground 6

Petitioner's sixth ground for relief is that post-conviction counsel was constitutionally ineffective for failing to raise the claim that the trial court denied petitioner his right to waive counsel in the Circuit Court.  Respondent argues that, although petitioner filed such a motion, petitioner was not denied his right to represent himself, because he pled guilty before trial.  The Court agrees.  As previously discussed, at the plea hearing the court extensively discussed with petitioner personally and directly of all his rights relating to trial and found that petitioner understood them and understood the consequences of his guilty plea.  Petitioner personally responded to all of the court's questions to him.

Accordingly, petitioner's Ground 6 claim is meritless.

### **CONCLUSION**

For the reasons set forth above, the petition of Herbert Morrison for a writ of habeas corpus under 28 U.S.C. § 2254 is without merit and is denied.  His motions for leave to amend his petition and to stay this case are denied.  Because petitioner made no substantial showing that he was deprived of a constitutional right, a certificate of appealability is denied under 28 U.S.C. § 2253(c)(2). An appropriate Judgment Order is issued herewith.

  /s/ David D. Noce  
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 8, 2021.